NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 93-536-2 (RBK) |
| v. | **OPINION** |
| KENNETH CUTLER, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Kenneth Cutler's Motion for Reduction of Sentence under the First Step Act ("Motion" or "Mot.") (ECF No. 110). For the reasons set forth below, Cutler's Motion is **DENIED**.

**I.    BACKGROUND**

Cutler is an inmate at Otisville Federal Correctional Institution ("Otisville FCI"). (ECF No. 113, "Govt. Opp'n" at 4). In 1994, a jury convicted Cutler of murder-for-hire, in violation of 18 U.S.C. § 1958, and mail fraud, in violation of 18 U.S.C. § 1341. (*Id.*). The trial court sentenced him to life in prison. (*Id.*).

On July 11, 2021, Cutler submitted a formal request for compassionate release to the Otisville FCI warden. (*Id.* at 4–5). The warden denied Cutler's request on August 17, 2021. (*Id.*). On May 10, 2022, Cutler filed this Motion seeking a sentence reduction under the First Step Act and the appointment of counsel. (Mot. at 1, 4). Cutler argues that his numerous chronic medical

1

conditions and potential for serious illness due to COVID-19 constitute extraordinary and compelling reasons for his release. (*Id.* at 2–3). The Government opposed Cutler's Motion on June 10, 2022. (Govt. Opp'n). Cutler replied on July 6, 2022. (ECF No. 114, "Def. Reply").

## II.     LEGAL STANDARD

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons ("BOP"), for a sentence reduction under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

There are two steps to analyze whether a petitioner's claim warrants a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The first step is to ensure the petitioner exhausted any available administrative remedies. *United States v. Babbitt*, 496 F. Supp. 3d 903, 907 (E.D. Pa. 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir.

2

2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.*; *Babbitt*, 496 F. Supp. 3d at 907. At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, No. CR 06-849 (NLH), 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (quoting *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the BOP Director the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in

3

combination with" the other three categories. *Id*. cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id*. at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III. DISCUSSION

The Government agrees that Cutler exhausted his administrative remedies. (Gov't. Opp'n at 4–5). Cutler sought compassionate release from the Otisville FCI warden, which the warden denied. (*Id*.). Thus, the Court must consider whether Cutler has carried his burden at the second step of the analysis. The Court finds that Cutler has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

#### A. Extraordinary and Compelling Reasons

Cutler asserts that the combined impact of the COVID-19 pandemic and his numerous health conditions—such as hypertension, diabetes, obesity, cellulitis, rhabdomyolysis, and sepsis—constitutes extraordinary and compelling circumstances warranting compassionate release. (Mot. at 2). Cutler also asserts that his rehabilitation during the past twenty-eight years and his deep remorse for his role in the crime warrant his release. (*Id.* at 2); (Def. Reply at 2–3).

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

Cutler has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at Otisville FCI. There are no active cases of COVID-19 at Otisville FCI among inmates and only eleven active cases among staff. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited November 2, 2022). Moreover, 142 staff members and 757 inmates at Otisville FCI have been fully vaccinated against COVID-19, and BOP has offered inmates booster shots. *Id.*

Nor has Cutler established that the risks he faces from COVID-19 in light of his medical conditions and circumstances are so extraordinary and compelling to justify compassionate release. Although hypertension, diabetes, and obesity may raise the risk of severe illness due to COVID-19, *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 2, 2022), courts have consistently found that although an inmate may be at heightened risk from COVID-19 due to hypertension, diabetes, obesity, or some combination of the three, that is insufficient, without more, to constitute an

"extraordinary and compelling" reason warranting compassionate release. *See, e.g., United States v. Garrett*, No. CR 18-125 (WJM), 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) ("As to weight and hypertension, courts have generally found that those do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions.") (collecting cases); *United States v. Womble*, No. CR 13-507 (NLH), 2022 WL 1500957, at *1 (D.N.J. May 11, 2022) (concluding that an inmate's obesity, hypertension, and type-two diabetes were not "extraordinary and compelling reasons" for compassionate release); *United States v. Johnson*, No. CR 18- 578-01 (KM), 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022) ("Even in the pre-vaccine era,'[m]ultiple courts in this District have denied compassionate release to inmates suffering from hypertension and obesity because this lower degree of risk does not establish extraordinary and compelling reasons to justify release on its own.'" (quoting *United States v. Manon*, No. CR 16- 00460, 2022 WL 408958, at *3 (D.N.J. Feb. 10, 2022))) (collecting cases). Although Cutler also asserts he suffers from cellulitis, rhabdomyolysis and sepsis, the CDC does not list these as medical conditions that make a person more likely to suffer severe COVID-19 symptoms. *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION.

Further, Cutler is fully vaccinated against COVID-19 and received booster shots. (Mot. at 2). As such, he is substantially protected from COVID-19 and, in the case of a breakthrough infection, from severe symptoms. *See United States vs. Williams*, No. CR 11-00421-SDW-1, 2022 WL 950994, at *2 (D.N.J Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract COVID-19 and become seriously ill.'") (collecting cases). The Third Circuit has recognized that "[g]iven

vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is 'unable to receive or benefit from a vaccine' or that he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) (citing *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)). Cutler has not made that showing here.

As to Cutler's argument about his rehabilitative efforts while incarcerated (Mot. at 3), although the Court commends his efforts, they do not constitute an extraordinary and compelling reason for release. *See United States v. Garrett*, Crim. No. 18-125, 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) *aff'd*, No. 22-2129, 2022 WL 3226615 (3d Cir. Aug. 10, 2022) ("[A] defendant's rehabilitation 'is not, by itself, an extraordinary and compelling reason.'" (citing U.S.S.G. 1B1.13, Application Note 3)).

The Court does not seek to diminish Cutler's concern for his health or the seriousness of the COVID-19 pandemic for those in custody, and the Court appreciates Cutler's concern for his wellbeing in the face of COVID-19 variants. Still, Cutler has not shown that his circumstances warrant release. He has failed to show that he is at a uniquely high risk for grave illness from COVID-19 given his vaccination status, and he has not proven that there currently exists an actual, non-speculative risk of exposure at Otisville FCI given its high vaccination rate and low incidence of COVID-19 within the facility. Thus, the Court finds there are not extraordinary and compelling reasons to justify Cutler's compassionate release.

### B. Section 3553(a) Factors

An analysis of Section 3553(a) factors further supports the denial of Cutler's request for release. In considering whether to reduce a defendant's sentence, a court must look at the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Cutler offers no argument as to how the factors weigh in his favor. By contrast, the Government argues that the factors weigh against release for various reasons, including "the shocking nature of [Cutler's] heinous offense[,]" and Cutler's attempt to convince a witness to lie to the grand jury. (Gov't. Opp'n at 14).

Although the Court again commends Cutler for the positive steps he has taken during his incarceration, the Court agrees with the Government that the § 3553(a) factors counsel against release. Given Cutler's monthslong participation in a plot to murder someone for pecuniary gain, the Court is mindful of the need for the sentence imposed to protect the public from future violence and afford adequate deterrence. Moreover, the Court believes that the present sentence is needed to provide just punishment and specific deterrence. The impact of Cutler's crime is still felt by the victim's family. (Gov't. Opp'n at 16); (ECF No. 121, Letter from Susan Cohen). Accordingly, the Court finds that the § 3553(a) factors weigh against release.

## IV. CONCLUSION

For these reasons, Cutler's Motion (ECF No. 110) is **DENIED**. An appropriate order follows.

Dated: November 3, 2022 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

9